The Honorable Mike Bearden State Senator P.O. Box 686 Osceola, AR 72370
Dear Senator Bearden:
This is in response to your request for an opinion on whether an individual presently drawing a pension from a municipality can be elected to a city office and draw a salary from the city at the same time they are drawing the pension.
Research in this area indicates that a conclusive response to your question may require consideration of the particular positions involved. I have enclosed a copy of Opinion Number 87-161 which involves pension benefits for a fireman who retires and then subsequently returns to service in the department. It was concluded therein that the pension in that instance must be suspended during the period of reemployment, but that the benefit is reinstated after the employee leaves active service and returns to retirement. This conclusion was based upon the specific provisions of A.C.A. 24-11-818 pertaining to the local police and fire retirement system.
As a general matter, however, there appears to be no prohibition in this regard. Indeed, it is significant to note that former limitations with respect to the receipt of pension benefits from the Arkansas Public Employees' Retirement System ("APERS") have been repealed. See A.C.A. 24-2-101 (1987) (retirement benefits during service in elective office; and A.C.A. 24-2-406 (1987) (limitation on benefit payments upon resumption of employment.) These provisions were repealed during the 1987 legislative session. Thus, if your question pertains to a municipality that has elected to become a participating public employer under APERS (A.C.A. 24-4-303), the simultaneous receipt of a pension and a municipal salary is no longer prohibited.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb